IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JASMINE JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:26-cv-00016-BL-CWB |
| | ) | |
| ALABAMA DEPARTMENT OF CORRECTIONS, et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Pending before the court are Plaintiff Jasmine Johnson's motions for default judgment against Defendants LaQuentin Brantley (doc. 29) (the "Brantley motion") and Kamaria Whiteside (doc. 36) (the "Whiteside motion"). *See* FED. R. CIV. P. 55(b). The Clerk of Court entered default against Brantley on May 20, 2026 (doc. 27), and against Whiteside on May 29, 2026 (doc. 35). For the reasons that follow, the court finds that the Plaintiff's motions are due to be denied without prejudice.

The Plaintiff alleges that Brantley, a correctional officer at Julia Tutwiler Prison for Women, "sexually assaulted Plaintiff multiple times" while she was in segregation. (Doc. 1 at 11). She alleges that Brantley "ordered Whiteside to leave the post" and that "Whiteside complied and left Plaintiff isolated with Brantley." (Doc. 1 at 11). The Plaintiff also sued the Alabama Department of Corrections, three wardens, and unnamed officers and supervisors. (Doc. 1 at 1).

## LEGAL STANDARD

"Federal Rule of Civil Procedure 55 prescribes a two-step process for securing a default judgment against a party that has failed to 'plead or otherwise defend' an action." *TVA v. Walcott*, 611 F. Supp. 3d 1328, 1332 (N.D. Ala. 2020) (citing FED. R. CIV. P. 55(a), (b)). "First, once it is shown that the party has failed to plead or otherwise defend the action, the Clerk of Court enters the party's default." *Id.* (citing FED. R. CIV. P. 55(a)). "Second, once the Clerk has entered default against the Defendant, the party seeking relief must move for the entry of a default judgment." *Id.* (citing FED. R. CIV. P. 55(b)). "Though he is not held to admit conclusions of law, 'a defaulted defendant is deemed to [have] admit[ed] the plaintiff's well-pleaded allegations of fact.'" *Id.* at 1333 (alterations in original) (quoting *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1245 (11th Cir. 2015) (per curiam)). But "a default is not treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover." *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).[1] Further, to enter a default judgment, the court must have personal jurisdiction over the defendant. *See Rash v. Rash*, 173 F.3d 1376, 1381 (11th Cir. 1999). Without proper service of process, the court lacks

---

[1] In *Bonner v. City of Prichard*, the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions issued before October 1, 1981. 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

jurisdiction to enter a personal judgment against the defendant. *See Royal Lace Paper Works v. Pest-Guard Prods.*, 240 F.2d 814, 816 (5th Cir. 1957).

## DISCUSSION

### A. The Remaining Defendants

The Eleventh Circuit has described as "a sound policy" the principle that "even when defendants are similarly situated, but not jointly liable, judgment should not be entered against a defaulting defendant if the other defendant prevails on the merits." *Gulf Coast Fans, Inc. v. Midwest Elecs. Importers, Inc.*, 740 F.2d 1499, 1512 (11th Cir. 1984); *see also Frow v. De La Vega*, 82 U.S. 552, 554 (1872). Here, Count One is brought "[a]gainst all Defendants," and Count Two is brought "[a]gainst [a]ll Defendants." (Doc. 1 at 16, 18). The claims against Whiteside and the remaining Defendants rest on the same alleged assaults. (Doc. 1 at 17–20). The Alabama Department of Corrections and the three wardens have answered the Complaint. (Doc. 17). In response to the allegations that Whiteside left her post and that Brantley assaulted the Plaintiff, they state: "Defendants deny the allegations as stated in this paragraph and demand strict proof thereof." (Doc. 17 at 7).

The Plaintiff contends that entering judgment on liability and reserving damages "avoids any risk of inconsistent adjudications." (Doc. 29 at 4; Doc. 36 at 4). But that "risk" concerns liability, not damages. If the court entered judgment against Brantley and Whiteside now, and a factfinder later accepted the answering

Defendants' denial that the assaults occurred, the two judgments would conflict. Therefore, the court finds that the Brantley motion and the Whiteside motion are due to be denied at this time.

**B. Additional Deficiencies**

**1. Service of Process on Brantley**

"Except for service by a United States marshal or deputy marshal, proof must be by the server's affidavit." FED. R. CIV. P. 4(l)(1). Here, the supplemental return for Brantley states that the server delivered "a true copy of the Summons and Complaint" to a co-resident "on the 28th day of January, 2026." (Doc. 21-2). However, the original return states that the server received the summons on "1/29/26" and served it on "2/2/26." (Doc. 13 at 2). The supplemental return is also neither sworn nor signed under penalty of perjury. (Doc. 21-2). Thus, the record does not adequately prove service on Brantley. Notably, this is a question of proof, not of the validity of service. *See* FED. R. CIV. P. 4(l)(3) ("Failure to prove service does not affect the validity of service.").

**2. Military Status**

When a defendant has not appeared, the court "shall require the plaintiff to file with the court an affidavit . . . stating whether or not the defendant is in military service and showing necessary facts to support the affidavit." 50 U.S.C. § 3931(a), (b)(1). A declaration under penalty of perjury may satisfy that requirement. 50

U.S.C. § 3931(b)(4). Here, each motion states only "[u]pon information and belief" that the Defendant is not in the military. (Doc. 29 at 2; Doc. 36 at 2). Thus, because the Plaintiff contends that neither Defendant has appeared, she must file the affidavit or declaration that § 3931(b) requires before default judgment can be entered.

**3. The Claims**

The Brantley motion seeks judgment on "Plaintiff's claims against him" without identifying them. (Doc. 29 at 3). It also does not explain how Count One, a claim for "FAILURE TO PROTECT," applies to the officer who allegedly committed the assaults. (Doc. 1 at 16). Moreover, the Whiteside motion asserts that she "participated in, facilitated, failed to prevent, or otherwise bears liability for the conduct giving rise to Plaintiff's claims," but it does not address any count. (Doc. 36 at 3–4). It also does not address Count Eight, which is the retaliation claim against Whiteside. (Doc. 1 at 23). Consequently, without an analysis of each individual count, the court cannot determine whether the well-pleaded allegations support judgment on each claim against each Defendant.

## CONCLUSION

Accordingly, it is hereby **ORDERED** as follows:

1. The Plaintiff's Motion for Default Judgment against LaQuentin Brantley (doc. 29) is **DENIED without prejudice**.

2. The Plaintiff's Motion for Default Judgment against Kamaria Whiteside (doc. 36) is **DENIED without prejudice**.
3. The Clerk's Entry of Default against LaQuentin Brantley (doc. 27) remains in effect.
4. The Clerk's Entry of Default against Kamaria Whiteside (doc. 35) remains in effect.
5. **On or before November 24, 2026**, the Plaintiff shall file an affidavit or declaration under penalty of perjury from the process server stating the date of service on Brantley, the documents served, and the person served. If the Plaintiff fails to do so, the court will set aside the Clerk's Entry of Default against LaQuentin Brantley (doc. 27).
6. The Plaintiff may file renewed motions for default judgment after the claims against the remaining Defendants are resolved, or earlier if those claims no longer present a risk of inconsistent judgments. Any renewed motion must:
   a. Be served on each Defendant at the Defendant's last known address;
   b. Include an affidavit or declaration on each Defendant's military status as required by 50 U.S.C. § 3931(b), if that statute applies; and

c. Identify each count on which judgment is sought and explain how the well-pleaded allegations support judgment on that count.

7. The Clerk of Court is **DIRECTED** to mail a copy of this Order to the following Defendants:

LaQuentin Brantley
1648 Laurelwood Lane
Montgomery, Alabama 36117

Kamaria Whiteside
3024 Milton Road
Montgomery, Alabama 36110

**DONE** and **ORDERED** on this the 10th day of November, 2026.

**BILL LEWIS**
UNITED STATES DISTRICT JUDGE